UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VERTEX CONSTRUCTION CORP.,

                Plaintiff,

   -against-

T.F.J. FITNESS L.L.C. d/b/a RETRO FITNESS,
RETROFITNESS LLC, ROBERT BERLIN,
and EDWARD LEVIN,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-683 (CBA) (ALC)

**AMON, Chief United States District Judge**

One of the defendants in the above-captioned case, Retrofitness LLC ("Retrofitness")—a franchisor whose franchisee entered into and allegedly breached a contract with the plaintiff to build out a fitness center in Margate, Florida—has moved to dismiss the plaintiff's claim for unjust enrichment. The unjust enrichment claim is the only claim asserted against Retrofitness.

Retrofitness argues that the complaint fails to state a claim for unjust enrichment, Fed. R. Civ. P. 12(b)(6), and that venue does not lie in the Eastern District of New York, Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391(a). The motion to dismiss for failure to state a claim is granted. The Court therefore need not decide the venue motion.

## BACKGROUND

### I. Facts

The following facts are drawn from the second amended complaint (D.E. # 26), which is the currently operative complaint in this action.

### A. Parties

Defendant Retrofitness is a franchisor of fitness facilities throughout the United States. (2d Am. Compl. ¶ 9.) It is a Delaware limited liability company with its principal place of business

1

in New Jersey. (Letter by Retrofitness (Sept. 20, 2011), D.E. # 35.) Its sole member is Retrofitness Holding Corp., a Delaware corporation with its principal place of business in Illinois.

Defendant T.F.J. Fitness L.L.C. ("TFJ"), doing business as Retro Fitness, is a franchisee of Retrofitness that operates a gym facility in Margate, Florida. (2d Am. Compl. ¶ 6.) It is a Florida limited liability company with its principal place of business in Florida. (Letter by Robert Berlin, Edward Levin, and TFJ (Sept. 20, 2011), D.E. # 37.) Its members, including individual defendant Edward Levin, are citizens of New Jersey. (Id.)

Individual defendant Robert Berlin is a principal of TFJ. He is a citizen of New Jersey. (Id.)

Plaintiff Vertex Construction Corp. ("Vertex") is a New York corporation with its principal place of business in Staten Island, New York. (2d Am. Compl. ¶ 4.)

### B. Contract

In November 2008, TFJ entered into a construction contract with Vertex, pursuant to which Vertex would perform certain work on TFJ's fitness center in Margate, Florida. (Id. ¶ 10.) TFJ agreed to pay Vertex $849,528.69 for its work. (Id. ¶ 11.) Retrofitness, the franchisor, was not a party to the construction contract. There are no facts alleged that indicate it was involved in the formation or performance of the contract, or that it was otherwise aware of the contract's existence.

Vertex alleges that, at various points not specified, TFJ "requested and initiated numerous change orders, additional finishes and additional work." (Id. ¶ 13.) These "were estimated to cost an additional" $150,000. (Id. ¶ 14.)

Vertex alleges that it completed all of the work required of it by the contract and the additional change orders, finishes, and other directions. (Id. ¶ 16.) It alleges that TFJ has not fully paid for these services. Further, it alleges that it is owed in excess of $350,000. (Id. ¶ 24.)

2

## II. Procedural History

On December 24, 2009, Vertex filed suit in New York Supreme Court against TFJ, Retrofitness, and two individual defendants alleged to be owners of TFJ. The state court complaint alleged seven causes of action. The first six alleged (1) breach of contract against TFJ; (2) New York Lien Law trust fund violations against TFJ; (3) quantum meruit against TFJ; (4) unjust enrichment against TFJ; and (5) and (6) New York Lien Law trust fund violations against the individual owners of TFJ. The seventh claim, and the most relevant for purposes of this motion, alleged a claim for unjust enrichment against Retrofitness.

With respect to this defendant and claim, Vertex alleged only that Retrofitness exists as franchisor and that it "has been unjustly enriched as a consequence of using Vertex's work and services and causing Vertex to incur overhead, costs, and expenses, without paying Vertex for same." (Compl. ¶¶ 4, 68.) There were no allegations about Retrofitness's participation (or even knowledge of) the construction contract and project, and there was no explanation of how it benefited from the contract or work performed.

TFJ and the individual defendants filed a notice of removal on February 17, 2010. They asserted federal jurisdiction based upon diversity.

On May 26, 2010, Vertex amended its complaint. The amended complaint asserted the same seven claims against the same defendants. It also alleged that TFJ was a New York corporation, notwithstanding the fact that it is called "T.F.J. Fitness L.L.C." (Am. Compl. ¶ 6.) The original complaint had alleged, apparently in the alternative, that TFJ was both a Florida and New York corporation. The notice of removal identified TFJ as a Florida "citizen," which it thought that it had to do to establish diversity jurisdiction, the only possible jurisdictional basis for this action.

On September 1, 2010, Retrofitness submitted a fully briefed motion to dismiss the unjust enrichment claim. Judge Trager, who was then assigned to this case, denied TFJ, which had not yet answered or otherwise responded to the complaint, an opportunity to submit papers in support of Retrofitness's motion. (D.E. # 19.)

On September 20, 2010, Judge Trager ordered Vertex to submit proof establishing that, as alleged, TFJ was a New York limited liability company. (D.E. # 20.) Judge Trager appears to have been concerned about the fact that Vertex had alleged a fact in its amended complaint—that TFJ was, like Vertex, a New York citizen—destroying diversity jurisdiction or rendering removal improper under 28 U.S.C. § 1441(b).

On September 27, 2010 Vertex submitted an affidavit in which it stated that the allegation that TFJ was a New York corporation "was an allegation based upon negotiations and the eventual signature of the Contract between Vertex, both occurring in New York." (D.E. # 22, ¶ 2(c).)

This case was reassigned to this Court in January 2011. The Court held a status conference on April 21, 2011. There, when the Court asked about TFJ's citizenship, Vertex clarified that it had not intended to render continuation of this action in federal court improper by alleging in the amended complaint that TFJ was a New York corporation. It indicated that it would amend the complaint if it planned to continue against TFJ, who had mentioned that the claims against it might be subject to mandatory arbitration (Vertex did not know whether an arbitration provision barred some or all of this litigation because it had apparently not consulted the contract before filing suit).

In a letter dated April 28, 2011, Vertex wrote the Court to say that it had reviewed the contract that is the subject of this litigation and "confirm[ed] the language" of the contract that apparently required arbitration. It said that it would contact TFJ to "discuss the terms of arbitra-

4

tion" but that it planned to proceed against Retrofitness, which it said was not bound by the contract or its arbitration provision. (D.E. # 25.)

On May 23, 2011, Vertex filed the second amended complaint in this case, which (as indicated) is the currently operative complaint. It differs from the first amended complaint only in that it alleges that TFJ is a Florida "corporation," again notwithstanding the fact that it is called "T.F.J. Fitness L.L.C." On May 27, 2011, pursuant to the Court's May 17, 2011 order, Retrofitness resubmitted its fully briefed motion to dismiss and directed it at the second amended complaint.

On September 6, 2011, the Court issued an order directing the parties to clarify the facts supporting federal diversity jurisdiction. The parties submitted letters on September 20, 2011 complying with this order. Finally satisfied of the complete diversity of the parties, the Court now considers Retrofitness's motion to dismiss the unjust enrichment claim against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### I. Standard on Motion to Dismiss

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. Neither will a complaint that contains only "naked assertion[s]" without "further factual enhancement." Id. at 1966.

Iqbal identifies a "two-pronged" approach to determining the sufficiency of a complaint. 129

S. Ct. at 1950. Courts "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. They then identify whether the complaint, stripped of its conclusory pleadings, "plausibly give[s] rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## II. Motion to Dismiss Unjust Enrichment Claim

Vertex's sole claim against Retrofitness is for unjust enrichment.[1] "The theory of unjust enrichment lies as a quasi-contract. It is an obligation the law creates in the absence of any agreement." Goldman v. Metro. Life Ins. Co., 5 N.Y.3d 561, 572 (2005). "In order to succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that '(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.'" Diesel Props S.r.L. v. Greystone Bus. Credit II LLC, 631 F.3d 42, 55 (2d Cir. 2011) (quoting Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004)).

Retrofitness argues that Vertex's unjust enrichment claim fails because (a) Vertex has not alleged that "Retrofitness obligated itself in any way to Plaintiff" or that "the performance of the work was for Retrofitness," and (b) the construction contract between TFJ and Vertex forecloses the claim. (Def. Br. at 4–7.)

As to the latter argument, Retrofitness relies on the well-settled rule that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes

---

[1] Retrofitness's motion to dismiss assumes that New York law applies to this dispute. In its papers, Vertex argued affirmatively that New York law applies. The Court therefore applies New York law to this diversity action. See Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

recovery in quasi contract for events arising out of the same subject matter," Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388 (1987). Recent cases have consistently held that this rule applies to claims against third party non-signatories to the contract. See Network Enters. Inc. v. Reality Racing, Inc., 2010 WL 3529237, *7 (S.D.N.Y. 2010) ("Today, 'the existence of a valid and binding contract governing the subject matter at issue in a particular case *does* act to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement.'") (quoting Law Debenture v. Maverick Tube Corp., 2008 WL 4615896, at *12 (S.D.N.Y. 2008)); Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC, 637 F. Supp. 2d 185, 196–97 (S.D.N.Y. 2009).

Vertex correctly counters that "where . . . there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies," Sforza v. Health Ins. Plan of Greater N.Y., 619 N.Y.S.2d 734, 736 (2d Dep't 1994). (Pl. Br. at 7–10.) And because it is difficult to determine the validity or scope of the contract at the pleading stage, courts routinely reject arguments like Retrofitness's as premature. See St. John's Univ. v. Bolton, 757 F. Supp. 2d 144, 183–85 (E.D.N.Y. 2010) (analyzing case law). The Court agrees that it cannot determine at this point whether any party will contest the validity of the contract or the extent to which the contract covers all work allegedly performed.

Retrofitness's other argument, however, has merit, and Vertex has done little to refute it. Retrofitness relies on the principle that "in order to recover under a theory of quasi contract, a plaintiff must be able to prove that performance was rendered for the defendant, resulting in its unjust enrichment." Metro. Elec. Mfg. Co. v. Herbert Constr. Co., 183 N.Y.S.2d 497, 497 (2d Dep't 1992) (citing Kagan v. K-Tel Entm't, 568 N.Y.S.2d 756, 757 (1st Dep't 1991)). Because

7

any benefit conferred was for TFJ, not Retrofitness, Vertex cannot sustain a claim.

Courts have long been divided over "whether New York law imposes a nexus requirement to state a claim for unjust enrichment," Bildstein v. MasterCard Intl., Inc., 2005 WL 1324972, *5 (S.D.N.Y. 2005). See Georgia Malone & Co., Inc. v. Rieder, 926 N.Y.S.2d 494, *2–4 (1st Dep't 2011); id. at *5-12 (Acosta, J., dissenting). Compare Kagan v. K-Tel Entm't, 568 N.Y.S.2d 756, 757 (1st Dep't 1991) ("It is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery.") (citing Citrin v. Columbia Broad. Sys., Inc., 286 N.Y.S.2d 706, 740–41 (1st Dep't 1968)), and Michele Pommier Models, Inc. v. Men Women NY Model Mgmt., Inc., 14 F. Supp. 2d 331, 338–39 (S.D.N.Y. 1998) (similar), with Aetna Cas. & Sur. Co. v. LFO Constr. Corp., 615 N.Y.S.2d 389, 389 (1st Dep't 1994) ("The unjust enrichment claim does not require that the party enriched take an active role in obtaining the benefit."), and Dreieck Finanz AG v. Sun, 1989 WL 96626, at *4 (S.D.N.Y. 1989) ("Nor is it necessary for plaintiff and defendant to have had direct dealings with one another.").

In its most recent statement on the issue, however, the New York Court of Appeals made clear that "[a]lthough privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173 (2011) (citing Sperry v. Crompton Corp., 8 N.Y.3d 204, 215 (2007)). Accordingly, it is beyond dispute that a plaintiff must plead "allegations that would indicate a relationship between the parties, or at least an awareness by [the defendant] of [the plaintiff's] existence." Mandarin Trading Ltd., 16 N.Y.3d at 182; see Georgia Malone & Co., Inc. v. Rieder, 926 N.Y.S.2d 494, 498 (1st Dep't 2011).

This principle controls this case. As Retrofitness points out, the complaint does not allege

8

that Retrofitness requested, approved, supervised, agreed to pay for, or assumed any other obligations with respect to the build-out. Indeed, for all it appears from Vertex's allegations, Retrofitness and Vertex are total strangers.[2] Such a relationship is too attenuated to support a cause of action for unjust enrichment.

Although not clearly asserted by Retrofitness, Vertex's claim fails for another reason: Vertex has not alleged facts giving rise to a plausible inference that Retrofitness benefitted from the construction work performed at its franchisee's property at all, much less in a manner sufficient to support a claim for unjust enrichment. The complaint does not, for example, contain any allegation that Retrofitness owns an interest in the improved property that would benefit directly from the construction work.

The Court could imagine an allegation that Retrofitness stood to benefit in some way from an increase in the value of TFJ's operations—royalties tied to TFJ's revenues, for instance—and that Vertex's work enhanced the value of TFJ's operations. Allegations to that effect do not appear in the Second Amended Complaint, and even if they did they would likely not be sufficient. Such an indirect benefit would not establish the sort of "specific and direct," Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000), benefit that New York law requires to sustain a claim for unjust enrichment. Cf. Denenberg v. Rosen, 71 A.D.3d 187 (1st Dep't 2010) (individual who purchased life insurance policies from bank cannot recover from defendants who received commissions and other benefits as a result of the bank's sale of those insurance policies, even though purchases were part of an effort to implement a supposedly tax-favorable pension plan designed

---

[2] Even if the Court were to read between Vertex's scant allegations to find that Retrofitness was aware of the contract for the build-out, and even if the Court were to find that such bare awareness is enough to satisfy any nexus requirement, Vertex's claim would still fail. This is because "there [is] no indicia of an enrichment that was unjust where the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." Mandarin Trading, 16 N.Y.3d at 182; see Georgia Malone, 926 N.Y.S.2d 494. The unsupported allegation that Retrofitness "caus[ed] Vertex to incur overhead, costs, and expenses" is exactly the sort of naked assertion that does not satisfy the standard in Twombly and Iqbal.

9

by the defendants); <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 685 (9th Cir. 2009) (factory workers who alleged that employer maintained illegal work conditions cannot recover from retailer who benefitted from employer's wrongdoing by securing supply of low-cost goods) (citing <u>Sperry v. Crompton Corp.</u>, 8 N.Y.3d 204 (2007)).

For either of the reasons stated, the motion to dismiss is granted.

## CONCLUSION

Retrofitness's motion to dismiss under Rule 12(b)(6) is granted. Vertex has not requested leave to re-plead and there is no suggestion that Vertex could plead any facts that would change the result. <u>See</u> <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

SO ORDERED.

Dated: Brooklyn, NY
November 23, 2011

/s/
Carol Bagley Amon
Chief United States District Judge